JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States
Commonwealth of Virginia

## DEFENDANTS
Allan Myers, Inc.; Allan Myers, LP; Allan Myers MD, Inc.; Allan Myers VA, Inc.

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Montgomery County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joshua Van Eaton, US Dept of Justice, PO Box 7611
Washington, DC 20044-7611; (202)514-5474

David Grandis, Commonwealth of Virginia, 900 East Main Street
Richmond, VA 23219; (804)786-2071

Attorneys *(If Known)*
Jonathan Rinde, Esq.
Manko, Gold, Katcher, Fox LLP
401 City Ave, Suite 901
Bala Cynwyd, PA 19004
(484)430-2325

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1    U.S. Government
Plaintiff

☐ 3    Federal Question
*(U.S. Government Not a Party)*

☐ 2    U.S. Government
Defendant

☐ 4    Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excludes Veterans) | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Clean Water Act 33 U.S.C. §1251 et seq.
Brief description of cause:
Civil suit seeking penalties and injunctive relief for violations of CWA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☐ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE

DOCKET NUMBER

DATE
04/13/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA, and the COMMONWEALTH OF VIRGINIA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **ALLAN MYERS, INC. ET AL** | : | **NO.** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　and Human Services denying plaintiff Social Security Benefits.　　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　exposure to asbestos.　　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly
　　referred to as complex and that need special or intense management by the court.  (See
　　reverse side of this form for a detailed explanation of special management cases.)　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　(X)

**13 APR 2015**　　　　　　　　　　　　　　　　　　　　　　

**Date**　　　　**Joshua Van Eaton, Trial Attorney, USDOJ**　　**Attorney for**

(202)514-5474　　　(202)514-0097　　　　　　josh.van.eaton@usdoj.gov

**Telephone**　　　　**FAX Number**　　　　　　**E-Mail Address**

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: US Department of Justice, PO Box 7611, Washington, DC 20044-7611

Address of Defendant: PO Box 1340, 1805 Berks Road, Worcester, PA 19490

Place of Accident, Incident or Transaction: Pennsylvania, Maryland, Virginia
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐ No☑

Does this case involve multidistrict litigation possibilities?  Yes☐ No☑
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes☐ No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
(Please specify) Clean Water Act

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I, Joshua H. Van Eaton, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 13 APR 2015 _____ Attorney-at-Law _____ WA 39871 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 13 APR 2015 _____ Attorney-at-Law _____ WA 39871 Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,                )
AND THE                                  )
COMMONWEALTH OF VIRGINIA,                 )
                                         )
    Plaintiffs,      )
                                         )  Civil Action No. _____
    v.               )
                                         )
ALLAN MYERS, INC.,                       )
ALLAN MYERS, LP,                         )
ALLAN MYERS MD, INC.,                    )
ALLAN MYERS VA, INC.,                    )
                                         )
    Defendants.      )
_____  )

## COMPLAINT

  Plaintiff, the United States of America, by authority of the Attorney General of the

United States, at the request of the Administrator of the United States Environmental Protection

Agency ("EPA"), by and through their undersigned attorneys, with respect to claims under

federal law; and Plaintiff the Commonwealth of Virginia (hereinafter State Plaintiff), by and

through their undersigned attorneys, with respect to claims under Virginia law, allege as follows:

## INTRODUCTION

  1. This is a civil action for injunctive relief and civil penalties brought pursuant to Section

309(b) and (d) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d), against Allan

Myers, Inc. (formerly known as American Infrastructure, Inc.), Allan Myers MD, Inc. (formerly

known as American Infrastructure-MD, Inc.), Allan Myers VA, Inc. (formerly known as

American Infrastructure-VA, Inc., and before that as R.G. Griffith, Inc.), and Allan Myers, L.P

(formerly known as Allan A. Myers, LP), (collectively, "Allan Myers") for the discharge of

pollutants in storm water without a permit in violation of CWA Section 301, 33 U.S.C. § 1311;

for failure to timely submit the information required to obtain coverage under an applicable permit for the discharge of storm water associated with its construction activities in violation of CWA Section 308, 33 U.S.C. § 1318; and for failure to comply with the conditions of permits (including various state general permits) issued pursuant to CWA Section 402, 33 U.S.C. § 1342, including the discharge of pollutants in storm water from construction sites, in violation of CWA Section 301, 33 U.S.C. § 1311.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345 and 1355 and 33 U.S.C. § 1319(b).

3.   Venue is proper in this District pursuant to 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391 and 1395, because Allan Myers conducts business in this District, and because a number of the violations occurred in this District.

4.   Notice of the commencement of this action has been given to the State of Maryland and the Commonwealths of Pennsylvania and Virginia in accordance with 33 U.S.C. § 1319(b).

## DEFENDANTS

5.   Allan Myers, Inc. (formerly known as American Infrastructure, Inc.), is a corporation organized and existing under the laws of Delaware and is a "person" as defined in CWA Section 502, 33 U.S.C. § 1362(5), 40 C.F.R. § 122.2.  Allan Myers, Inc.'s principal place of business is in Worcester, Pennsylvania.

6.   Allan Myers, L.P. (formerly known as Allan A. Myers, LP) is a Limited Partnership organized and existing under the laws of Pennsylvania  and is a "person" as defined in CWA Section 502, 33 U.S.C. § 1362(5), 40 C.F.R. § 122.2.  Allan Myers, L.P.'s principal place of business is in Worcester, Pennsylvania.

2

7. Allan Myers MD, Inc. (formerly known as American Infrastructure-MD, Inc.) is a corporation organized and existing under the laws of Maryland and is a "person" as defined in CWA Section 502, 33 U.S.C. § 1362(5), 40 C.F.R. § 122.2. Allan Myers MD, Inc.'s principal place of business is in Fallston, MD.

8. Allan Myers VA, Inc. (formerly known as American Infrastructure-VA, Inc., and before that as R.G. Griffith, Inc.) is a corporation organized and existing under the laws of Virginia and is a "person" as defined in CWA Section 502, 33 U.S.C. § 1362(5), 40 C.F.R. § 122.2. Allan Myers VA, Inc.'s principal place of business is in Chantilly, VA.

9. Hereinafter, the term "Allan Myers" includes Allan Myers, Inc., and its wholly-owned subsidiaries that engage in construction, Allan Myers, LP, Allan Myers MD, Inc., and Allan Myers VA, Inc.

10. Allan Myers does business in at least three states of the United States, including in this District.

<u>STATUTORY AND REGULATORY AUTHORITY</u>

11. The Clean Water Act is designed to "restore and maintain the chemical, physical and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a).

12. To accomplish the objectives of the CWA, Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the "discharge of any pollutant" by any person in violation of a National Pollutant Discharge Elimination System ("NPDES") permit issued pursuant to CWA Section 402, 33 U.S.C. § 1342, or by any person without such a permit.

13. A person is defined by the CWA as "an individual, corporation, partnership, association, State, municipality, commission, or political subdivision of a State, or any interstate body." 33 U.S.C. § 1362(5).

3

14. CWA Section 502(12), 33 U.S.C. § 1362(12), defines the term "discharge of a pollutant" as, *inter alia*, "any addition of any pollutant to navigable waters from any point source."

15. Section 502(7) of the CWA, 33 U.S.C. § 1362(7), defines "navigable waters" as "waters of the United States."

16. CWA Section 502(14), 33 U.S.C. § 1362(14), defines a "point source" as including "any discernable, confined and discrete conveyance...from which pollutants are or may be discharged."

17. CWA Section 402(p), 33 U.S.C. § 1342(p), requires a permit for storm water discharges associated with industrial activity.

18. EPA regulations define the term "storm water discharge associated with industrial activity" to include storm water discharges from construction activities including clearing, grading, and excavation that result in the disturbance of: (1) five or more acres of total land area; or (2) less than five acres of total land area that is a part of a larger common plan of development or sale if the larger common plan will ultimately disturb five acres or more.  40 C.F.R. § 122.26(b)(14)(x).

19. State Plaintiff's analogous state law requires a permit for discharges of stormwater associated with construction activities to state waters.

20. CWA Section 308, 33 U.S.C. § 1318 requires owners and operators of point sources to submit information to the EPA as needed to carry out the objectives of the Clean Water Act, including the NPDES permit program of CWA Section 402, 33 U.S.C. §1342.

21. In 1992, EPA issued a Final NPDES General Permit for Storm Water Discharges from Construction Activities ("Federal General Permit").  57 Fed. Reg. 41176, 41209 (Sept. 9, 1992). EPA has, on various occasions, subsequently modified and reissued this general permit.  *See* 63

Fed. Reg. 7858-7906 (Feb. 17, 1998); 63 Fed. Reg. 36490-36519 (July 6, 1998); 65 Fed. Reg.

25122-25145 (Apr. 28, 2000); 68 Fed. Reg. 39087-39091 (July 1, 2003); and 73 Fed. Reg.

40338-40343 (July 14, 2008).  On January 28, 2010, EPA extended the term of the Federal

General Permit by one year, to June 30, 2011.  75 Fed. Reg. 4554 (Jan. 28, 2010).  On April 25,

2011, EPA published a Federal Register notice proposing to extend the 2008 Federal General

Permit to January 31, 2012.  76 Fed. Reg. 22891 (April 25, 2011).

22. Pursuant to CWA Section 402(b), 33 U.S.C. § 1342(b), EPA may authorize a state to

implement its own NPDES storm water permitting program for discharges into navigable waters

within its jurisdiction.

23. Pennsylvania, Maryland, and Virginia are each authorized states and have issued their

own NPDES general permits governing discharges of storm water associated with construction

activities.  A general permit for storm water discharges associated with construction activities

that is issued by a state with an EPA-approved NPDES permitting program is hereinafter referred

to as a "General Permit."  The United States may enforce the state-issued General Permits under

the CWA.  The state NPDES general permit for storm water discharges associated with

construction activities that applies in a state is hereinafter referred to as the "Applicable General

Permit."

24. The applicable Pennsylvania General Permit is the "Commonwealth of Pennsylvania

General NPDES Permit for Discharges of Stormwater Associated with Construction Activities,

PAG-02."  A person proposing an earth disturbance activity that involves equal to or greater than

one acre of earth disturbance must obtain an individual NPDES permit or coverage under the

General Permit PAG-02.  25 Pennsylvania Code § 102.5(a).  In Pennsylvania, an "operator" who

is not the initial permittee must become a co-permittee with the existing permit holder.  25 Pa. Code § 102.5(h).

25. The applicable Maryland General Permit is the "Maryland Department of the Environment General Permit for Construction Activity," General NPDES Permit Number MDR 10, State Discharge Permit Number 03GP.  Prior to the initiation of ground disturbing construction activities in Maryland, under the terms of the Maryland General Permit, persons who disturb earth as part of a construction activity and fail to notify the State of their intent to be covered under the permit, and discharge pollutants to waters of the United States without permit coverage, are in violation of the Clean Water Act.  See also, Title 26, Subtitle 8, Code of Maryland 26.08.04.09.

26. The applicable Virginia General Permit is the "General VPDES Permit for Discharges of Stormwater from Construction Activities," VAR10 (originally the "General Permit for Discharges of Stormwater from Construction Activities," General Permit No. DCR01). Operators of construction activities resulting in land disturbance equal to or greater than one acre must apply for an individual permit or coverage under the Virginia General Permit.  Va. Code §§ 62.1-44.15:24 - 62.1-44.15:50 (2014) (originally codified at Va. Code §§ 10.1-603.1 - 10.1-603.15) (2012)); 9 VAC 25-880-70 (originally 9 VAC 50-60-1170).

27. Under EPA's regulations, persons who discharge or who propose to discharge "storm water associated with industrial activity" are required to apply for an individual permit or to seek coverage under a promulgated storm water general permit.  40 C.F.R. §§ 122.21(a) & (c), 122.26(c), 122.28.  In applying for coverage under a storm water individual or general permit, a potential permittee must provide the necessary information on the basis of which EPA (or the

6

authorized state permitting agency) may evaluate the appropriateness of the issuance of and the terms of any such permit.

28. Though they differ in some of the details, in general, under the General Permits, any person subject to a general permit is required to develop a storm water pollution prevention plan ("SWPPP"), which sets forth a plan to control and reduce pollutants in storm water discharged from construction activities.  The SWPPP must meet specific requirements and include certain information, including a description of the control measures to meet the effluent limits in the Federal General Permit.

29. A central requirement of the SWPPP is that it must contain detailed information, including which best management practices ("BMPs") will be installed and maintained at the site to prevent or reduce the discharge of pollutants to waters.  These practices include measures to prevent erosion (by using soil stabilization and other preventative measures) and sediment capturing (by using silt fences, sedimentation basins, and other measures to capture sediment before it leaves the site).

30. The Applicable General Permits require the permittee to properly operate and maintain the BMPs.  The Applicable General Permits also impose additional requirements, including, *inter alia*: inspection of the site during construction, Federal General Permit, Part 4, maintenance of the SWPPP and sometimes other records at the site, Federal General Permit, Part 5.10 and 5.11; and final stabilization of the site followed by termination of the permit coverage, Federal General Permit, Part 6.2.

31. CWA Section 309(b), 33 U.S.C. § 1319(b), authorizes the Administrator of EPA "to commence a civil action for appropriate relief, including a permanent or temporary injunction,"

when any person is in violation of 33 U.S.C. §§ 1311, 1318, or of any permit issued pursuant to CWA Section 402, 33 U.S.C. § 1342, including state permits. 33 U.S.C. § 1319(b).

32. CWA Section 309(d), 33 U.S.C. § 1319(d), provides, in part, that any person who violates 33 U.S.C. §§ 1311, 1318, or any permit issued pursuant to CWA Section 402, 33 U.S.C. § 1342 EPA or a state, shall be subject to a civil penalty not to exceed $32,500 per day for each such violation occurring from March 16, 2004 through and including January 12, 2009, and $37,500 per day for each such violation thereafter. 33 U.S.C. § 1319(d); 40 C.F.R. § 19.4; 73 Fed. Reg. 75340-45 (Dec. 11, 2008, as corrected at 74 Fed. Reg. 626-27, Jan. 7, 2009) (codified at 40 C.F.R. pt. 19).

## GENERAL ALLEGATIONS

33. EPA, together with state and county offices administering the NPDES program in Pennsylvania, Maryland, and Virginia, conducted inspections at a number of Allan Myers' construction sites in Pennsylvania, Maryland and Virginia. EPA obtained additional inspection information from Allan Myers through an information request issued by EPA pursuant to CWA § 308, 33 U.S.C. § 1318.

34. Based on the inspections, responses to information requests and other information, the United States alleges that Allan Myers has exhibited a pattern violating the Applicable General Permit at fourteen (14) construction sites (collectively the "Sites") that could or did result in discharges of storm water pollutants from the Sites. The additional information that Allan Myers provided to EPA also demonstrated recurring storm water permit violations, as well as continued failure to remedy the violations in a timely manner. The Sites at which 608 violations occurred are listed in Appendix A.

35. Allan Myers engaged in construction activities including clearing, grading, and excavation that resulted in the disturbance of five or more acres of land at each of the Sites listed in Appendix A.

36. At the Sites listed in Appendix A, Allan Myers controlled the plans and specifications for construction activities, or otherwise met the definition of owner or operator under 40 C.F.R. § 122.2 and the Applicable Permit, and was therefore required to obtain NPDES permit coverage for its storm water discharges from construction activities, and to comply with all applicable requirements and conditions under the Act, its regulations, and the Applicable Permit. 33 U.S.C. §1342; 40 C.F.R. §§122.21, 122.26.

37. At four Sites listed in Appendix A, Allan Myers failed to apply for or obtain coverage under the Applicable Permit.

38. Each of the Sites listed in Appendix A constitutes a "point source[s]" within the meaning of Section 502(14) of the Act, 33 U.S.C. §1362(14).

39. More than 600 violations of the CWA occurred at the Sites listed in Appendix A between July 19, 2004 and July 28, 2006.

40. At Sites listed in Appendix A, Allan Myers' construction activities resulted in the "addition" of "pollutants," including rock, sand, cellar dirt, industrial waste, and other pollutants to streams, creeks, and other water bodies that are "waters of the United States," listed in Appendix B, within the meanings of Sections 502(6) and (7) of the Act, 33 U.S.C. §1362(6), (7), and 40 C.F.R. §122.2.

41. Through the addition of such pollutants to waters of the United States through point source(s), Allan Myers has engaged in the "discharge of pollutants" within the meanings of Sections 301 and 502(12) of the Act, 33 U.S.C. §§ 1311 and 1362(12), and 40 C.F.R. §122.2.

9

42. At Sites listed in Appendix A, within the dates indicated in Appendix A, Allan Myers discharged pollutants without a permit into waters of the United States listed in Appendix B.

43. At Sites listed in Appendix A, within the dates indicated in Appendix A, Allan Myers discharged pollutants in violation of the terms of the Applicable Permit into waters of the United States listed in Appendix B.

44. At Sites listed in Appendix A, within the dates indicated in Appendix A, Allan Myers committed other violations of the Act, its regulations, and the Applicable Permit including, *inter alia*, failure to: properly design, implement and maintain erosion control measures such as silt fencing, soil stabilization, construction track-out pads, inlet protection, and sediment traps as required by the Applicable General Permits; (collectively, "BMP Operations & Maintenance" or "BMP O&M"); implement erosion control measures in the proper sequence ("Sequencing"); prepare an adequate SWPPP; operate with an approved erosion and sediment control plan; and, failure to prevent sediment discharges.

## FIRST CLAIM FOR RELIEF

### ALLAN MYERS FAILED TO TIMELY SUBMIT
### THE INFORMATION REQUIRED TO OBTAIN COVERAGE UNDER
### AN APPLICABLE PERMIT

45. The United States realleges and incorporates by reference Paragraphs 1 through 44.

46. Allan Myers failed to timely submit the information required to obtain coverage under an Applicable Permit for the discharge of storm water associated with its construction activities from certain Sites listed in Appendix A as "No Permit," within the dates indicated in Appendix A, in violation of CWA Section 308, 33 U.S.C. § 1318.  At three sites in Pennsylvania listed in Appendix A, Allan Myers failed to become a co-permittee with the existing permit holder as required by 25 Pennsylvania Code § 102.5(h).  At one site in Maryland listed in Appendix A,

Allan Myers failed to apply for coverage under the Maryland General Permit as required by Title 26, Subtitle 8, Code of Maryland 26.08.04.09.

47. Pursuant to 33 U.S.C. §1319, Allan Myers is liable for injunctive relief and civil penalties of up to $32,500 per day for each such violation occurring after March 16, 2004 through and including January 12, 2009, and $37,500 per day for each such violation thereafter.

## SECOND CLAIM FOR RELIEF

### ALLAN MYERS DISCHARGED POLLUTANTS IN STORM WATER WITHOUT AN APPLICABLE PERMIT

48. The United States realleges and incorporates by reference Paragraphs 1 through 44.

49. Allan Myers discharged pollutants in storm water from Sites listed in Appendix A as "Discharge w/o Permit," to waters of the United States within the meaning of Section 502(7) of the CWA, and the federal regulations implementing the CWA at 40 C.F.R. §122.2, without coverage under an Applicable permit in violation of CWA Section 301, 33 U.S.C. § 1311, within the dates indicated in Appendix A.

50. The receiving waters into which Allan Myers discharged pollutants from Sites without a permit are identified in Appendix B. Each of these receiving waters is either a tributary or unnamed tributary that is a perennial tributary, or flows into a perennial tributary, to a traditionally navigable waterway. *See* Appendix B.

51. Unless enjoined, these violations will continue or will recur at other construction sites.

52. Pursuant to 33 U.S.C. §1319, Allan Myers is liable for injunctive relief and civil penalties of up to $32,500 per day for each such violation occurring after March 16, 2004 through and including January 12, 2009, and $37,500 per day for each such violation thereafter.

## THIRD CLAIM FOR RELIEF

### ALLAN MYERS VIOLATED THE
### REQUIREMENTS OF THE APPLICABLE PERMITS

53. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 44.

54. At Sites listed in Appendix A, Allan Myers failed to comply with the terms and conditions of the Applicable Permits at numerous Sites listed in Appendix A as "Violation of CWA/ Applicable Permit," in violation of CWA Section 301, 33 U.S.C. § 1311 and applicable state law by, *inter alia*, failing to properly install, operate, and maintain BMPS, failing to have erosion and sediment control plans approved, and failing to implement erosion and sediment controls in the proper sequence, within the dates indicated in Appendix A. *See also, supra* ¶ 44. At Sites listed in Appendix A, Allan Myers violated Section 301 of the CWA and applicable state law by failing to comply with the terms of a permit issued to a third party ("3rd Party Permit"), and at Sites in Pennsylvania listed in Appendix A, Allan Myers violated Section 301 of the CWA by failing to comply with the terms of a permit for which Allan Myers was a co-permittee by, *inter alia*, failing to properly install, operate, and maintain BMPS, and failing to implement erosion and sediment controls in the proper sequence, within the dates indicated in Appendix A. *See also, supra* ¶ 44.

55. Allan Myers discharged pollutants in storm water from certain Sites listed in Appendix A under "Violation of CWA/ Applicable Permit" as "Sediment Discharges" to waters of the United States within the meaning of Section 502(7) of the CWA, and the federal regulations implementing the CWA at 40 C.F.R. §122.2, in violation of an Applicable permit and of CWA Section 301, 33 U.S.C. § 1311, and applicable state law, within the dates indicated in Appendix A.  At those sites located in Virginia listed in Appendix A under "Violation of CWA/ Applicable Permit" as "Sediment Discharges," Allan Myers discharged pollutants in storm water to surface

waters of the Commonwealth within the meaning of the Virginia Stormwater Management Program Regulation, 9 VAC 25-870-10 (originally 4 VAC 50-60-10) within the dates indicated in Appendix A.

56. The receiving waters into which Allan Myers discharged pollutants in violation of a permit are identified in Appendix B.  Each of these receiving waters is either a tributary or unnamed tributary that is a perennial tributary, or flows into a perennial tributary, to a traditionally navigable waterway.  *See* Appendix B.

57. Unless enjoined, these violations will continue or will recur at other construction sites.

58. Pursuant to 33 U.S.C. §1319, Allan Myers is liable for injunctive relief and civil penalties of up to $32,500 per day for each such violation occurring March 16, 2004 through and including January 12, 2009, and $37,500 per day for each such violation thereafter.

59. Pursuant to the State Plaintiff's analogous state law, Allan Myers is liable for injunctive relief and civil penalties for each violation that occurred at a Site in Virginia that is listed in Appendix A. Va. Code §§ 62.1-44.15:42 (2014) (originally codified at Va. Code § 10.1-603.12:4 (2012)) 62.1-44.15:48 (2014) (originally codified at Va. Code § 10.1-603.14 (2012)), 62.1-44.23 (2014) and 62.1-44.32 (2014).

## PRAYER FOR RELIEF

WHEREFORE, the United States of America, and the Commonwealth of Virginia, respectfully request that this Court:

A.      Order Allan Myers to comply with the terms of the Act and the conditions of the Applicable Permits at its construction sites by requiring, among other things, the development and implementation of appropriate storm water pollution prevention plans, the application of BMPs to minimize or eliminate discharges of pollutants from its sites, and the implementation of

13

corporate policies designed to achieve and assure compliance with the Applicable Permits and the Act;

      B.     Assess civil penalties against Allan Myers of up to $32,500 per day for each such violation occurring March 16, 2004 through and including January 12, 2009, and $37,500 per day for each such violation thereafter;

      C.     Assess an appropriate civil penalty pursuant to Va. Code §§ 62.1-44.32 and implementing regulations against Allan Myers for each day of violation;

      D.     Award the United States and the Commonwealth of Virginia their costs and disbursements in this action; and

      E.     Grant any such further relief as this Court deems just and proper.

Respectfully submitted,

**FOR THE UNITED STATES OF AMERICA:**

NATHANIEL DOUGLAS
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

Date: 13 APRIL 2015

JOSHUA H. VAN EATON
Trial Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-5474
josh.van.eaton@usdoj.gov

ZANE DAVID MEMEGER
United States Attorney
Eastern District of Pennsylvania

MARGARET L. HUTCHINSON
Chief, Civil Division
United States Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

STACEY L. B. SMITH
Assistant United States Attorney
Eastern District of Pennsylvania
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
(215)861-8348
stacey.smith@usdoj.gov

**FOR THE COMMONWEALTH OF VIRGINIA:**

Date: _4 · 2 · 2015_          _[signature]_

MARK R. HERRING
Attorney General of Virginia

JOHN W. DANIEL, II
Deputy Attorney General

LYNNE C. RHODE
Senior Assistant Attorney General

DAVID C. GRANDIS
Assistant Attorney General
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
(804) 225-2741  (telephone)
(804) 786-2650  (fax)
dgrandis@oag.state.va.us

# Appendix A

APPENDIX A

LIST OF ALLAN MYERS SITES WITH VIOLATIONS

| Site Name | State | Date of Violation | Type of violation | | |
|---|---|---|---|---|---|
| | | | No Permit | Discharge w/o Permit | Violation of CWA/ Applicable Permit |
| Applewood Estates of Worcester | PA | Apr. 29, 2005 to Jan. 19, 2006 | No Permit | | BMP O&M; Sequencing |
| Fieldbrook | PA | Dec. 2, 2004 to March 25, 2005 | No Permit | | BMP O&M |
| The Villages at Trewellyn | PA | July 8, 2005 to June 7, 2006 | No Permit | Discharge w/o Permit | BMP O&M; Unapproved E & S Plan; Sequencing |
| Hilltown Ridge and Reserve | PA | July 19, 2004 to Apr.20, 2006 | | | Co-Permittee: BMP O&M; Sediment Discharges; Sequencing |
| Orchard Brook | PA | Dec. 22, 2004 to June 29, 2006 | | | Co-Permittee: BMP O&M; Sediment Discharges; Sequencing |
| The Reserve at Waynebrook | PA | Oct. 27, 2004 to Nov. 16, 2005 | | | Co-Permittee : BMP O&M; Sequencing |
| Summit at College Park | MD | Dec. 16, 2005 to June 8, 2006 | | | 3rd Party Permit: BMP O&M; Sediment Discharges; Sequencing |
| Ammendale Road | MD | May 2, 2005 to June 8, 2006 | No Permit | Discharge w/o Permit | BMP O&M; Sequencing |
| Vista Gardens | MD | March 25, 2005 to June 1, 2006 | | | 3rd Party Permit: BMP O&M; Sediment Discharges |
| Elysian Heights | VA | Oct. 21, 2004 to May 17, 2006 | | | 3rd Party Permit: BMP O&M |
| Selma Estates | VA | Nov. 8, 2005 to May 19, 2006 | | | 3rd Party Permit: BMP O&M |
| Lovettsville Town Center | VA | Nov. 2, 2005 to May 25, 2006 | | | 3rd Party Permit: BMP O&M; Sediment Discharges |
| Harbor Station | VA | Jan. 13, 2006 to July 17, 2006 | | | 3rd Party Permit: BMP O&M; Sediment Discharges |
| Port Potomac | VA | May 18, 2006 to July 28, 2006 | | | 3rd Party Permit: BMP O&M |

# Appendix B

**APPENDIX B**
**LIST OF RECEIVING WATERS FROM ALLAN MYERS SITES**

| Site Name | State | Latitude | Longitude | Immediate Receiving Waterway(s) | Flowpath to Traditionally Navigable Waterway | | | |
|---|---|---|---|---|---|---|---|---|
| Applewood Estates of Worcester | PA | 40.191267 | -75.333025 | Unnamed Tributary of Zacharias Creek | Zacharais Creek | Skippack Creek | Perkiomen Creek | Schuylkill River (Delaware River) |
| FieldBrook | PA | 40.052169 | -75.568519 | Valley Creek | Schulkill River | Delaware River | | |
| The Villages at Trewellyn | PA | 40.202358 | -75.225632 | Trewellyn Creek | Wissahickon Creek | Schuylkill River | Delaware River | |
| Hilltown Ridge & Reserve | PA | 40.305836 | -75.264755 | Unnamed Tributaries of West Branch Neshaminy Creek | West Branch Neshaminy Creek | Neshaminy Creek | Delaware River | |
| Orchard Brook | PA | 40.299886 | -75.877277 | Trout Run | Schuylkill River | Delaware River | | |
| The Reserve at Waynebrook | PA | 40.081232 | -75.692367 | Pickering Creek | Schuylkill River | Delaware River | | |
| Summit at College Park | MD | 39.023271 | -76.925860 | Little Paint Branch Creek | Paint Branch Creek | Anacostia River | Potomac River | Chesapeake Bay |
| Ammendale Road (Multiple Waterways) | MD | 39.054109 | -76.916938 | Unnamed Tributary of Indian Creek | Indian Creek | Paint Branch Creek | Anacostia River | Potomac River (Chesapeake Bay) |
| Ammendale Road (Continued) | MD | | | Little Paint Branch Creek | Paint Branch Creek | Anacostia River | Potomac River | Chesapeake Bay |
| Vista Gardens | MD | 38.957954 | -76.826700 | Folly Branch | Lottsford Branch | Western Branch Patuxent River | Patuxent River | Chesapeake Bay |
| Elysian Heights | VA | 39.241200 | -77.505800 | Unnamed Tributary of Potomac River | Potomac River | Chesapeake Bay | | |
| Selma Estates | VA | 39.180600 | -77.554890 | Limestone Branch | Potomac River | Chesapeake Bay | | |
| Lovettsville Town Center | VA | 39.277799 | -77.641962 | Unnamed Tributary of Dutchman Creek | Dutchman Creek | Potomac River | Chesapeake Bay | |
| Harbor Station (Multiple Waterways) | VA | 38.578995 | -77.305166 | Unnamed Tributary of Powells Creek | Powells Creek | Potomac River | Chesapeake Bay | |
| Harbor Station (Continued) | VA | | | Unnamed Tributary of Quantico Creek | Quantico Creek | Potomac River | Chesapeake Bay | |
| Port Potomac | VA | 38.601120 | -77.293630 | Powells Creek | Potomac River | Chesapeake Bay | | |

*United States, et al, v. Allan Myers, Inc., et al*